# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIVE A. ROSE, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> ESSEX COUNTY CORRECTION : <br> FACILITY et al., : <br> : <br> Respondents. : <br> : | Civil No. 18-13304 (FLW) <br><br> **MEMORANDUM OPINION** |

**<u>FREDA L. WOLFSON, U.S.D.J.</u>**

Petitioner, Clive A. Rose ("Rose" or "Petitioner"), acting *pro se*, filed a petition for writ of habeas corpus under U.S.C. § 2254, which complains that he received ineffective assistance of counsel leading to his 2003 guilty plea of possessing cocaine with intent to distribute and possession of cocaine. (*See* Pet., ECF No. 1.) Rose indicates that, on August 1, 2003, he was sentenced, in the Superior Court of New Jersey, Somerset County, to 364 days of incarceration followed by three years of probation. (*Id.* ¶¶ 1–3.)

Rose reports that he filed a petition for post-conviction relief (PCR), which, on February 15, 2017, was denied without hearing by the state court as filed beyond the five-year limitations period. (*Id.* ¶ 9.) Rose explains that the Superior Court, Appellate Division, affirmed this denial on the same basis in February 2018. (*Id.*) It appears from the Petition that Rose is now in immigration custody, and he indicates that he has also sought relief from the immigration courts. (*Id.* ¶ 12.)

Rose's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules

Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, Rule 4.  Under § 2254, a habeas petitioner must, at the time of filing, be in custody under the conviction he is attacking.  28 U.S.C. § 2254; *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Here, the facts alleged by Rose seem to show that he was not in custody under the conviction he is attacking when he filed the Petition.  (*See* ECF No. 1.)  He indicates that, in August 2003, he was sentenced to one year of incarceration and three years of probation.  (*Id.*)  He provides no reason to believe that he was still subject to this sentence over 15 years later when he filed this Petition.  Accordingly, I find that he was not "in custody under the conviction he is attacking."  *See Obado*, 328 F.3d at 717.

It also appears that Rose's petition is barred as untimely.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") creates a one-year limitations period for habeas petitions by state prisoners, which typically begins to run when the underlying judgment "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  While the AEDPA limitations period may be statutorily tolled by the proper filing of a state PCR petition, 28 U.S.C. § 2244(d)(2), it appears Rose did not file his PCR petition until December 2016.  (*See* ECF No. 1 at ECF p. 51.)  Indeed, the state courts rejected Rose's PCR petition as untimely under the state's five-year limitations period.  (*Id.*)

The AEDPA limitations period may be equitably tolled if the petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Rose has not, at this time, alleged any circumstances that

would support a grant of equitable tolling.  Thus, the Petition is dismissed without prejudice, as it plainly appears that Rose is not entitled to relief.  If, however, Rose believes he can show that he in fact was in custody when he filed this Petition or that his Petition could be deemed timely under AEDPA, he may submit evidence of such within 30 days.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA").  That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not find the Court's procedural ruling debatable.  Accordingly, no certificate of appealability shall issue.

An appropriate Order follows.

DATED:  January 11, 2019                                /s/ Freda L. Wolfson
                                                                                        FREDA L. WOLFSON
                                                                                        United States District Judge